IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES NOBLE and BRENDA NOBLE, § § Plaintiffs, § § § No. 3:19-cv-2500-C (BT) v. § § ALVARADO POLICE DEPT., § § Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs James and Brenda Noble filed this *pro se* civil action under 42 U.S.C. § 1983. For the following reasons, the Court should dismiss Plaintiffs' complaint for want of prosecution under Fed. R. Civ. P. 41(b).

I.

Plaintiff James Noble originally filed his lawsuit against Jenny Dickerson, Josh Wilson, and the Alvarado Police Department in the Southern District of Texas, Houston Division. That court transferred the case to the Northern District of Texas, Dallas Division, because the alleged civil rights violations occurred in Johnson County, where all the defendants are located, and Johnson County is located in this district and division.

After the case was transferred here, James Noble filed an amended complaint naming only the Alvarado Police Department as a defendant; he also added Brenda Noble as an additional plaintiff. In response to that filing, the Court

1

informed Plaintiffs that the amended complaint was deficient because Brenda Noble did not sign it, as required by Rule 11(a) of the Federal Rules of Civil Procedure, and because the amended complaint failed to state the grounds for this Court's jurisdiction, as required by Rule 8(a) of the Federal Rules of Civil Procedure. The Court further informed Plaintiffs that the amended complaint was unclear as to the claims alleged and the intended defendants. Also, although the Court granted James Noble leave to proceed *in forma pauperis*, Brenda Noble did not submit a motion for leave to proceed *in forma pauperis*. The Court explained that, to determine whether Plaintiffs may proceed *in forma pauperis*, it must have information that shows whether any of the plaintiffs, individually or collectively, can pay the $400 filing fee.

    The Court therefore ordered Brenda Noble to either pay the filing fee or file a motion to proceed *in forma pauperis*. The Court also ordered Plaintiffs to file an amended, signed, complaint listing each defendant in this case, setting forth the facts Plaintiffs intend to rely upon to support their claims, and stating the basis for this Court's jurisdiction. The Court provided Plaintiffs with forms and detailed instructions for curing the deficiencies and gave Plaintiffs 30 days from the date of the order—January 10, 2020—to respond. The Court informed Plaintiffs that failure to cure the deficiencies within 30 days of its order would result in a recommendation that this case be dismissed. More than 30 days have passed, and Plaintiffs have not responded to the Court's order.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). In this case, Plaintiffs have not responded to the Court's January 10, 2020 order. They failed to file an amended, signed, complaint listing each defendant, setting forth the facts they intend to rely upon to support their claims, and stating the basis for this Court's jurisdiction, as required by the Federal Rules of Civil Procedure. Brenda Noble failed to either pay the filing fee or file a motion to proceed *in forma pauperis*. This case cannot proceed unless Plaintiffs comply with the Court's order and provide the information requested. Under these circumstances, the Court should dismiss Plaintiffs' complaint under Fed. R. Civ. P. 41(b).

III.

For the reasons stated, the Court recommends that Plaintiff's complaint be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

Signed March 23, 2020.

                                                       REBECCA RUTHERFORD
                                                      UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).